IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICARDO FOX, JR.,   *

v.   * CIVIL ACTION NO. RWT-13-1382

BOBBY P. SHEARIN,   *

******

## MEMORANDUM OPINION

On May 10, 2013, Petitioner Ricardo Fox, Jr., filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree murder and related offenses entered on August 11, 2009, in the Circuit Court for Queen Anne's County. ECF No. 1. After examining these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

### Procedural History

Petitioner indicates that after a jury trial conducted in the Circuit Court for Queen Anne's County, he was convicted of first degree murder, assault in the first degree, attempted armed robbery, armed robbery, robbery, assault in the second degree and theft. He was sentenced to a life term of imprisonment. ECF No. 1. Fox's conviction was affirmed by the Court of Special Appeals of Maryland on February 14, 2012. *Id.*, Ex. 2. Fox's petition for certiorari was denied by the Court of Appeals of Maryland on June 25, 2012. *Id.* Fox has not filed a petition for post-conviction relief. *Id.*

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C.

§ 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101-7-301 and § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Sherman v. State, 593 A. 2d 670, 670-71 91991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Grayson v. State,* 728 A.2d 1280, 84085 (1999). Fox has not yet begun, much less completed, post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Fox is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[1] Should he wish to refile this petition once he has

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

2

exhausted his available state court remedies, Fox should take care not to miss this deadline.[2]

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

>recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Fox, aware of the one year deadline invokes *Rhines v. Weber*, 544 U.S. 269 (2005), in seeking to have the instant case stayed while he completes the exhaustion of his state court remedies. ECF No. 1. A district court may, in lieu of dismissal, hold a § 2254 petition in abeyance and stay the case pending the petitioner's presentment of his unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is appropriate only for good cause, where the unexhausted claims are potentially meritorious, and no dilatory tactics are shown. *Id.* at 277. Stay and abeyance is available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the Petitioner's failure to exhaust his claims first in state court. Moreover, even if a Petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Rhines v. Weber* 544 U.S. 269, 277 (2005). Petitioner indicates that it is "expensive and requires diligence in acquiring necessary resources and time—more than one year" in order to file his petition for post-conviction relief. ECF No. 1. Petitioner has not established good cause for his failure to exhaust the claims presented to this Court and is therefore not entitled to a stay and abeyance.

It is further noted that Petitioner previously filed a Petition for Writ of Habeas Corpus in this Court attacking his conviction and seeking a stay and abeyance under *Rhines*. The Petition was dismissed as unexhausted and Petitioner was advised he was not entitled to stay and abeyance. *See Fox v. Shearin*, RWT-13-449 (D. Md.). Rather than file a timely petition in state court to properly exhaust his state remedies it appears he has filed the instant case. It appears that Petitioner still has limited time within which to file the state petition and he is cautioned not to miss the deadline. He is reminded that a properly filed petition for post-conviction relief tolls the federal limitations period.

court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because petitioner has not made the requisite showing.

A separate order follows.

May 16, 2013
Date

Roger W. Titus
United States District Judge

4